HUMAN RIGHTS COMMISSION — POWERS The discovery machinery provided in 25 O.S. 1501 [25-1501](6) (1971) can properly be exercised in aid of the investigation and during the course of same. Title 25 O.S. 1508 [25-1508](a) (1971) relates to the requirements and sufficiency of the subpoena process and may properly complement the provisions of Section 25 O.S. 1501 [25-1501](6) (1971). The Attorney General is in receipt of your opinion request wherein you ask the following question: "May the powers conferred upon the Human Rights Commission by 25 O.S. 1501 [25-1501](6) and 25 O.S. 1508 [25-1508](a) be exercised during the course of the investigation provided for in 25 O.S. 1502 [25-1502]?" The Oklahoma Human Rights Commission, created pursuant to the provisions of 74 O.S. 952 [74-952] [74-952] (1971), is a separate department and official agency of the State of Oklahoma. As such, the agency is charged with the responsibility of execution within the State of Oklahoma of the policies embodied in the federal Civil Rights Act of 1964, (as amended by the Civil Rights Act of 1972), and as set out specifically at 25 O.S. 1101 [25-1101] (1971), et seq. After a person claiming to be aggrieved by a discriminatory practice files a complaint with the Commission, the Commission must promptly investigate the allegations for cause. The proceedings to be followed after a written sworn complaint is filed, are set out in relevant part at 25 O.S. 1502 [25-1502] (1971), as follows: "A person claiming to be aggrieved by a discriminatory practice, his attorney, the Attorney General, or a nonprofit organization chartered for the purpose of combatting discrimination, may file with the Commission a written sworn complaint stating that a discriminatory practice has been committed, and setting forth the facts upon which the complaint is based, and setting forth facts sufficient to enable the Commission to identify the person charged (hereinafter called the respondent). The Commission or a member of the Commission or the staff shall promptly furnish the respondent with a copy of the complaint and shall promptly investigate the allegations of discriminatory practice set forth in the complaint. . ." The investigatory machinery of the Oklahoma Human Rights Commission that you alluded to in your letter is found at 25 O.S. 1501 [25-1501](6), 25 O.S. 1508 [25-1508](a) (1971). Section 25 O.S. 1501 [25-1501] [25-1501](6) empowers the Commission as follows: "To require answers to interrogatories under the procedures established by 12 Oklahoma Statutes, 549, compel the attendance of witnesses, examine witnesses under oath or affirmation, and require the production of documents in connection with complaints filed under this act, said powers to be exercised only in relation to areas directly and materially related to the complaint. The Commission may make rules authorizing any member designated by order to pass upon a complaint after a hearing under Section 503, and such decision must be approved in writing by a majority of the membership of the Commission." Section 25 O.S. 1508 [25-1508](a) provides: "Subpoenas shall issue in proceedings under this Act, as provided in the Oklahoma Administrative Procedures Act. A subpoena so issued shall show on its face the name and address of the party at whose request the subpoena was issued. On petition of the individual to whom the subpoena is directed and notice to the requesting party, the Commission or an individual designated pursuant to its rules may vacate or modify the subpoena." It is thus apparent that the language contained in the provisions of Section 1501(6) confers a grant of power to the Commission to be exercised in areas directly related to the complaint and since the language is not restrictive to hearings only, it rationally follows that the discovery tools contained in said section may be properly utilized during the investigation process. As to the meaning and intent of Section 25 O.S. 1508 [25-1508](a), it is clear from a plain reading of the statute that the language contained therein is not a grant of power to the Commission but rather a statement of requirements of the subpoena process when utilized by the Commission. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The discovery machinery provided in 25 O.S. 1501 [25-1501](6) (1971) can properly be exercised in aid of the investigation and during the course of same. Title 25 O.S. 1508 [25-1508](a) (1971) relates to the requirements and sufficiency of the subpoena process and may properly complement the provisions of Section 25 O.S. 1501 [25-1501](6) (1971). (Nathan J. Gigger)